UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| AITHERAS AVIATION GROUP, LLC, | : | |
| | : | CASE NO. 1:20-cv-00337 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 41] |
| KEVIN T. WEIR, ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Aitheras Aviation Group, LLC, brings breach of contract, tortious interference, breach of a promissory note, conversion, and unjust enrichment claims against Defendants Kevin T. Weir, Carol Weir, and 13 Little, LLC.[1]  In light of new information learned in discovery, Defendants now move the Court for leave to file a Second Amended Answer and Counterclaim.[2]

For the following reasons, the Court **PARTIALLY GRANTS** Defendants' motion for leave to file its Second Amended Answer and Counterclaim.  The Court finds that Defendants waived the opportunity to raise an improper venue defense.

I.  **Background**

This case involves disputes between Aitheras Aviation Group, a company that operates air ambulance and on-demand air charter services, and its former executive, Defendant Kevin Weir.[3]  Defendants took a personal loan from Plaintiff company, and

---

[1] Doc. 1.
[2] Doc. 41.
[3] Doc. 1 at 1–2.

Case No. 1:20-cv-00337
Gwin, J.

Plaintiff now seeks to collect that loan.[4] Plaintiff also claims that Defendant Kevin Weir used a company credit card for unauthorized personal expenses and violated the terms of his non-compete agreement after he left Aitheras.[5]

Defendants, originally pro se[6] but now represented by counsel, amended their Answer to include breach of contract and promissory estoppel counterclaims against Plaintiff Aitheras and third-party Defendant George Katsikas, Aitheras's president and chief executive officer.[7] In their counterclaim, Defendants allege that Plaintiff Aitheras and third-party Defendant Katsikas did not honor an agreement to give Defendant Kevin Weir an equity interest in Aitheras.[8]

## II. Discussion

Federal Rule of Civil Procedure 15(a)(2) instructs that a court "should freely give leave" to amend a pleading "when justice so requires."[9] Leave should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[10]

Defendants seek leave to amend under Rule 15.[11] In the Sixth Circuit, Rule 15 also implicates Rule 16 when a party seeks to amend a pleading after the scheduling order

---

[4] *Id.* at 6–7.
[5] *Id.* at 8–10.
[6] Doc. 10.
[7] Doc. 20 at 11–15.
[8] *Id.*
[9] Fed. R. Civ. P. 15(a)(2).
[10] *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 640 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[11] Doc. 41 at 1–3; Doc. 49 at 3.

Case No. 1:20-cv-00337
Gwin, J.

deadline.[12]  A party must show good cause to amend their pleadings after the scheduling order deadline.  That means "the district court could grant leave to amend only if the [movants] demonstrated that 'despite their diligence they could not meet the original deadline.'"[13]  Here, the scheduling order cut off amendments to pleadings on September 14, 2020,[14] and Defendants filed their current motion to amend on January 5, 2021.

Defendants' proposed Second Amended Answer does not significantly change the case.  Defendants seek to change their Amended Answer to reflect that Katsikas owns Plaintiff Aitheras Aviation Group, LLC, to add two new claims related to Katsikas' control over Aitheras Acquisition Group, and to make an improper venue defense.[15]

Defendants state that they base their amendments on recently obtained information that they did not have when they first amended their Answer.[16]  Given that Defendants originally complied with the scheduling order and that discovery is ongoing, the Court does not see Defendants' motion as an effort to delay proceedings or make up for a lack of discovery diligence.[17]

The additional changes are not a surprise to Plaintiff given third-party Defendant George Katsikas's trust ownership.

Plaintiff and third-party Defendant Katsikas have not demonstrated that they will be prejudiced by a second amendment.[18]  In fact, third party Defendant Katsikas has not yet

---

[12] *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).
[13] *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (citing *Leary*, 349 F.3d at 906–09)).
[14] Doc. 18 at 1.
[15] Doc. 41 at 2–3.
[16] *Id.*
[17] *See, e.g.*, *Hous. Research & Advocacy Ctr. v. WXZ Residential Grp./Circle Lofts 118 LLC*, No. 1:16–cv–2032, 2017 WL 366265, at *1–2 (N.D. Ohio Jan. 25, 2017).
[18] *See* Doc. 41 at 3.

-3-

Case No. 1:20-cv-00337
Gwin, J.

responded to Defendants' counterclaims. Plaintiff claims that Defendants' proposed amendments will be futile,[19] but misrepresents Defendants' alleged facts. Defendants' new fiduciary duty arguments center on Defendant Kevin Weir's ownership interest in the Aitheras Acquisition Group, not Aitheras Aviation Group.[20] Plaintiff has not shown that Defendants' amendments would be futile.[21]

Yet, it would be futile for Defendants to raise an improper venue defense in their Second Amended Answer. An improper venue objection can be waived under Federal Rule of Civil Procedure 12(h)(i) if a party fails to raise the defense "in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."[22] Here, Defendants seek to amend their answer under Rule 15(a)(2), not as a matter of course.[23] Defendants waived their opportunity to object to venue.

With the exception of their proposed improper venue defense, Defendants satisfy Rule 16's good cause requirement and benefit from Rule 15's liberal amendment practice.

### III. Conclusion

For the foregoing reasons, the Court **PARTIALLY GRANTS** Defendants' motion for leave to file its Second Amended Answer and Counterclaim. Defendants waived their opportunity to file an improper venue defense.

IT IS SO ORDERED.

---

[19] Doc. 44 at 5–6.
[20] Doc. 49 at 2; *see also* Doc. 41-1 at 15–17.
[21] An amendment is futile "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quotation omitted).
[22] Fed. R. Civ. P. 12(h)(1)(B)(ii).
[23] Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the cour''s leave. The court should freely give leave when justice so requires."); *see Wilson v. Guardian Angel Nursing, Inc.*, No. 3:07-0069, 2008 WL 2518708, at *1 (M.D. Tenn. June 19, 2008).

Case No. 1:20-cv-00337
Gwin, J.

Dated: February 17, 2021        *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE